UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON RIGHTMER, | ) Case No. CV 08-3314-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) |
| Defendant. | ) ) |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 8.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly rejected Plaintiff's credibility;
2. Whether the ALJ properly rejected the uncontroverted opinion of Plaintiff's treating physician;
3. Whether the ALJ erred by failing to obtain the testimony of a medical expert;
4. Whether the ALJ failed to consider Plaintiff's medically documented impairments; and
5. Whether the ALJ's residual functional capacity ("RFC") assessment was based on substantial evidence.

(JS at 5.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).

Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

### III.
### DISCUSSION

**A. The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting Plaintiff's subjective complaints of pain. (JS at 6-9.) Plaintiff argues that the ALJ failed to identify which statements made by Plaintiff to her treating physician were inconsistent. (Id. at 8.) Plaintiff also claims that the ALJ failed to consider the factors in Social Security Ruling ("SSR") 96-7p[3] in rejecting her subjective symptoms. (Id.) The Court disagrees.

**1. Relevant Time Period.**

As a preliminary matter, the relevant period for Plaintiff's claim for disability insurance benefits is January 27, 1998, the day following the Commissioner's final decision regarding her prior claim, through June 30, 2002, her date last insured ("DLI"). (Administrative Record ("AR") at 24-25, 367.) Plaintiff does not dispute this period as the relevant time period. For purposes of receiving disability insurance benefits, Plaintiff must show a recent connection to the workforce to maintain insured status. See 42 U.S.C. § 423(c); see also 20 C.F.R. § 404.130. Plaintiff also "has the burden of proving that he became disabled prior to the expiration of his disability insured status." See Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Here, Plaintiff has the burden of proving that she became disabled prior to her DLI of June 30, 2002. Id.

///

---

[3] See infra, Discussion Part III.A.2.

### 2. **Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

1    SSR 96-7p[4] further provides factors that may be considered to determine a
2 claimant's credibility such as: 1) the individual's daily activities; 2) the location,
3 duration, frequency, and intensity of the individual's pain and other symptoms; 3)
4 factors that precipitate and aggravate the symptoms; 4) the type, dosage,
5 effectiveness, and side effects of any medication the individual takes or has taken
6 to alleviate pain or other symptoms; 5) treatment, other than medication, the
7 individual receives or has received for relief of pain or other symptoms; 6) any
8 measures other than treatment the individual uses or has used to relieve pain or
9 other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes
10 every hour, or sleeping on a board); and 7) any other factors concerning the
11 individual's functional limitations and restrictions due to pain or other symptoms.
12 SSR 96-7p.

### 3.     Analysis.

Here, the ALJ discredited Plaintiff's subjective symptoms because the medical evidence did not support Plaintiff's allegations of disabling pain. (AR at 30-32.)

Relying upon Plaintiff's own description of her physical limitations in her disability application and at the hearing, the ALJ found Plaintiff not to be a credible witness and discredited the severity of her subjective complaints, as they conflicted with the medical evidence. (Id.) In her disability application and at the hearing, Plaintiff testified, inter alia, that her severe neck condition and associated headaches had continued unabated since 1995. (AR at 325, 341, 357, 665-71.) However, the ALJ relied on a report by treating physician, Dr. Katrina Vlachos, as evidence that Plaintiff's disabling symptoms improved during the relevant time

---

[4] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1 period. (Id. at 30-31.) The ALJ provided:

> Dr. Vlachos prepared a report assessing the Claimant's condition before and after a motor vehicle accident (MVA) on November 21, 2002 (which thus occurred some months after the DLI). According to Dr. Vlachos, although claimant had multiple neck surgeries before being involved in the MVA, the Claimant's condition had "improved markedly in the two years since her last [neck] surgery [in May 2001] and was doing well with respect to her cervical spine." However, the doctor continues, after the 11/2002 MVA "Mrs. Rightmer developed and continues to have persisting neck pain . . . ."

(Id. at 31 (citations omitted).) The record supports the ALJ's summary. (Id. at 495-96.) The ALJ also specified that Plaintiff's disabling symptoms occurred after the accident and thus, after the DLI. These symptoms which occurred after the DLI are insufficient for disability insurance benefits. See Macri, 93 F.3d at 543. Thus, the record supports the ALJ's adverse credibility finding, as there is evidence that Plaintiff's symptoms improved during the relevant time period, despite Plaintiff's testimony otherwise. Thomas 278 F.3d 958-59; Smolen, 80 F.3d at 1284; SSR 96-7p.

Plaintiff also testified that she could sit, stand, and walk for no more than a few hours, and for no more than fifteen to forty-five minutes continuously. (Id. at 665-66.) However, the ALJ relied upon a report by treating physician, Dr. Theodore Goldstein, which was contrary to Plaintiff's testimony. (Id. at 30-31.) The ALJ stated:

> [T]he available medical evidence does not establish that the Claimant is disabled to the degree that she alleges. The Claimant's primary treating physician, Theodore Goldstein, M.D., had indicated in reports that Claimant is capable of working.
>
> The first report by Dr. Goldstein was in February 2002, a few

> months before the DLI.  Dr. Goldstein reported that he had performed surgery on the Claimant, and that he had precluded her from working for nine months after the surgery.  However, the Claimant was then able to return to work with restriction on 2-19-2002.
>
> The next report was in May 2004, well after the DLI.  In that report, Dr. Goldstein noted that despite the Claimant's lumbar spine surgery (performed in October 2002), she did not appear to have any significant restriction regarding her ability to stand or walk.  And, while the Claimant would need to avoid repetitive torsional motions of the spine in flexion as well as repetitive rotational or lateral bending of the cervical spine, it does not appear that she is incapable of returning to any type of work.  Indeed, Dr. Goldstein states that the Claimant ". . . would appear to be capable of some type of gainful employment . . . ."  Additionally, Dr. Goldstein opined that the Claimant "would be well equipped for a job requiring sitting most of the day working at a computer."  He further stated that he felt she would be able to answer phones with a headset.

(Id. at 30-31 (citations omitted).)  The record supports the ALJ's findings.  (Id. at 547-49, 596-601.)  Thus, the ALJ properly relied on Dr. Goldstein's reports regarding Plaintiff's functional abilities to contradict her testimony.  Thomas 278 F.3d 958-59; Smolen, 80 F.3d at 1284; SSR 96-7p.

Finally, the ALJ noted that Plaintiff relied on reports from Dr. Goldstein and Dr. Vlachos after the DLI to support her disabling symptoms.  (AR at 31-32.)  The ALJ rejected the reports as indicative of disabling symptoms for purposes of procuring disability insurance benefits.  (Id. at 31.)  The ALJ reasoned that the reports were issued after the DLI, relied on medical evidence after the DLI, and failed to address Plaintiff's functional limitations or impairments, if any, prior to the DLI.  (Id.)  Consequently, the ALJ properly disregarded these reports as

1  support for Plaintiff's disabling symptoms with respect to the claim for disability
2  insurance benefits.  See Macri, 93 F.3d at 543.  Thus, the record supports the ALJ's
3  adverse credibility finding, as there is insufficient evidence to support Plaintiff's
4  disabling symptoms.  Thomas 278 F.3d 958-59; Smolen, 80 F.3d at 1284; SSR 96-
5  7p.
6       Plaintiff also asserts that the ALJ's credibility analysis is flawed because he
7  failed to consider the seven factors for evaluating credibility enumerated in SSR
8  96-7p.  (JS at 8.)  However, the ALJ was not required to discuss and analyze all of
9  the factors enumerated in SSR 96-7p.  Rather he must give consideration to these
10 factors.  See SSR 96-7p at *3 (an ALJ must consider the seven factors enumerated
11 in SSR 96-7p in addition to the objective medical evidence when assessing a
12 Plaintiff's credibility); see also Smolen, 80 F.3d at 1284; Bunnel, 947 F.2d at 346.
13 Here, the record as a whole reflects adequate consideration.  For example,
14 testimony was elicited about Plaintiff's daily activities although the ALJ did not
15 specifically address these activities in his credibility determination.  (AR at 665-
16 75.)  In fact, the Court's review of the transcript indicates that testimony was
17 elicited from Plaintiff regarding all seven enumerated factors, regardless of
18 whether the ALJ explicitly mentioned the factors in the body of his decision.  (Id.)
19 Further, the ALJ's decision explicitly addressed some of the factors, such as the
20 location, duration, frequency, and intensity of Plaintiff's pain and symptoms, and
21 other factors concerning the her functional limitations and restrictions due to pain
22 or other symptoms.  (Id. at 30-32); see also SSR 96-7p.  Moreover, other than
23 asserting that the ALJ failed to address the enumerated factors, Plaintiff cites to no
24 objective and credible evidence to support her contentions regarding her disabling
25 symptoms.  (JS at 8-9.)  Thus, the Court finds that the ALJ adequately considered
26 the factors enumerated in SSR 96-7p to support his adverse credibility finding.
27 See SSR 96-7p; see also Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346.
28      Based on the foregoing, the Court finds that the ALJ provided clear and

convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms and discounting her credibility.  Thus, there was no error.

**B.     The ALJ Did Not Properly Consider the Opinions of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ erroneously rejected the uncontroverted opinions of her treating physician, Dr. Goldstein.  (JS at 15-20.)  The Court agrees.

**1.     Applicable Law.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas, 278 F.3d at 957; Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  A treating or examining physician's opinion based on the plaintiff's own

complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

### 2. **Analysis.**

Here, the ALJ rejected two reports after May 2004 by Dr. Goldstein because the reports were after the DLI for purposes of disability insurance benefits. (AR at 32); see supra, Discussion III.A. However, over the course of Plaintiff's treatment, Dr. Goldstein provided multiple reports, opining differing degrees of disabling symptoms or impairments. (See e.g., AR at 521, 545-48, 556-58, 594- 600.) In the decision, the ALJ failed to either provide clear and convincing reasons, or specific and legitimate reasons based on substantial evidence to reject Dr. Goldstein's various findings during the relevant time period. Lester, 81 F.3d at 830; Baxter, 923 F.2d at 1396; Thomas, 278 F.3d at 957; Magallanes, 881 F.2d at 751.

Accordingly, the Court finds that the ALJ committed legal error by failing to properly consider Dr. Goldstein's opinions and by failing to resolve any conflicts between Dr. Goldstein's opinions and the medical evidence. On remand, the ALJ will have an opportunity to address these issues again and should consider these issues in determining the merits of Plaintiff's case.

/ / /

**C.     The ALJ Did Not Err by Failing to Obtain the Testimony of a Medical**

**Expert.**

Next, Plaintiff claims that ALJ erred by failing to obtain the testimony of a medical expert to determine whether Plaintiff's condition equals a listed impairment, and to determine the onset date of disability. (JS at 24-28.) Plaintiff also implicitly contends that the ALJ improperly determined that Plaintiff did not meet a listed impairment. (Id.) The Court disagrees.

**1. Applicable Law.**

At the third step of the sequential analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment listed in the "Listing of Impairments" ("Listings"). See 20 C.F.R. Part 404, Subpt. P, App. 1; see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The Listings set forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. See C.F.R. §§ 404.1525(a), 416.925(a). If a claimant has an impairment which meets or equals a listed impairment, disability is presumed, and benefits are awarded. See 20 C.F.R. §§ 404.1520(d), 416.920(d); Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989). An impairment "meets" a listed impairment if it is in the Listings. See 20 C.F.R. §§ 404.1520(d), 416.920(d). An individual's condition "medically equals" a listed impairment if she can demonstrate medical findings related to her own impairment that are of equal medical significance to the listed one. See 20 C.F.R. § 416.926(a)(1)(ii). An impairment "functionally equals" a listed impairment if it will result in "marked" limitation in two domains of functioning or an "extreme" limitation in one. See 20 C.F.R. § 416.926a(a).

The claimant has the burden of proving disability, including disability based on the Listing. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995); Vick v. Comm'r of Soc. Sec. Admin., 57 F. Supp. 2d 1077, 1087 (D. Or. 1999). The mere

diagnosis of a listed condition does not establish that a claimant "meets" the Listings. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. § 404.1525(d). Thus, the ALJ must find that the claimant has an impairment which corresponds in diagnosis, severity, and duration to a listed impairment.

**2.    Analysis.**

Here, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR at 28.) The ALJ provided:

> Section 1.04 of the listing of impairments, which describes disorders of the spine, is not met or equaled due to the lack of evidence of nerve root compression characterized by pain, limitation of motion of the spine, motor loss with associated muscle weakness accompanied by sensory or reflex loss. Moreover, the Agency physicians opined no listing-level impairment existed. Finally, no treating or examining physician has mentioned findings equal or equivalent to the criteria of any listed impairment.

(Id. (citations omitted).) In support of his finding, the ALJ partially relied upon the opinions of Drs. Goldstein and Vlachos, both of whom failed to find that Plaintiff met a listed impairment. (Id. at 28, 544-603.) As to the examining physicians, Plaintiff argues that the ALJ's listing determination is erroneous because the consultative physician's residual functional capacity ("RFC") assessment is flawed. (JS at 26.) However, Plaintiff's argument is without merit because any error by the ALJ would have been harmless error, as the ALJ properly relied on

substantial findings of Plaintiff's treating physicians to determine that Plaintiff did not meet a listed impairment. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).[5] Moreover, Plaintiff fails offer any evidence in support of the claim that her condition, or combination of conditions, equaled a listed impairment. See Lewis v. Apfel, 236, F.3d 503, 514 (9th Cir. 2001) (ALJ's step-three finding is appropriate when a plaintiff offers no theory, plausible or otherwise, to explain how his impairment or combined impairments equal a listed impairment); see also Roberts, 66 F.3d at 182; Vick, 57 F. Supp. 2d at 1087. Accordingly, the Court finds that the ALJ relied on substantial evidence to determine that Plaintiff did not meet or equal Listing 1.04 or any other listed impairment.

Plaintiff also argues that the ALJ erred by failing to obtain the testimony of a medical expert to determine that Plaintiff did not meet a listed impairment. (JS at 24-28.) Social Security Regulations ("SSR") 96-6p provides:

> [An ALJ] must obtain an updated medical opinion from a medical expert in the following circumstances:
>
> When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the

---

[5] Plaintiff also argues that the consultative physician "paid little, if any, attention to the medical evidence in file" when completing the RFC assessment. (JS at 27.) However, as stated above, any error regarding the RFC assessment as related to requiring medical expert testimony is harmless. Curry, 925 F.2d at 1131. Thus, the Court declines to further discuss this issue.

> State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p.  Here, while Plaintiff submitted additional evidence to the Appeals Council (AR at 13), the Appeals Council stated, "We find that this [additional] information does not provide a basis for changing the Administrative Law Judge's decision" (id. at 10-11).  Thus, there is no support, nor does Plaintiff provide any evidence, that either of the situations warranting an updated medical opinion from a medical expert was satisfied.  SSR 96-9p.

Plaintiff also argues that because the ALJ awarded her disabled widow's benefits, she is presumed to be disabled, and thus, a medical expert is required to determine the onset date of her disability.  (JS at 28.)  However, Plaintiff misinterprets the requirements necessary for disability insurance benefits and disabled widow's claim.[6]  As stated above, Plaintiff had the burden of proving an onset of disability for disability benefits during the relevant time period, i.e., from January 27, 1998 through June 30, 2002.  See supra, Discussion Part III.A.1.  Here, the ALJ found that Plaintiff was not disabled during the relevant time period, and consequently, ineligible for disability insurance benefits.  Thus, the ALJ was not obligated to have a medical expert testify to determine the onset date of the disability during the relevant time period.  See Orellana v. Astrue, 2008 WL 398834, at *11 (E.D. Cal. Feb. 12, 2008) (noting that "the ALJ generally is not obligated to have a medical expert testify at the administrative hearing unless the onset date cannot be ascertained or the expert is required to help develop the record

---

[6] The Court declines to discuss the requirements for disabled widow's benefits, as Plaintiff is not disputing that portion of the ALJ's decision.

with respect to a claimant's mental impairments").[7]

Based on the foregoing, the ALJ was not required to obtain the testimony of a medical expert. Thus, there was no error.

**D.     The ALJ's Failure to Consider Certain Medical Evidence Was Harmless Error.**

Plaintiff contends that the ALJ failed to consider medical evidence related to bilateral carpel tunnel and a knee tear. (JS at 34-35; AR at 436-37, 563.) The Court finds that the ALJ erred by failing to specifically address these medical impairments. However, any error by the ALJ was harmless, as there were no functional limitations or disabling symptoms associated with the findings. Curry, 925 F.2d at 1131.

Plaintiff relies upon two reports to support her contention. First, on April 2, 2002, Dr. David Campion completed an electrodiagnostic report and found that Plaintiff suffered from bilateral carpel tunnel. (AR at 436-37.) Next, on November 15, 1999, Dr. Barry Rothman conducted an MRI of Plaintiff's knee, and found a "tear of the medial meniscus." (Id. at 563.) Despite these findings, neither doctor opined that Plaintiff suffered any functional limitations or disabling symptoms from the impairments. (Id. at 436-37, 563.) Moreover, there is no indication that Plaintiff complained of knee pain or pain associated with carpel tunnel to her treating physicians, nor did Plaintiff allege any such pain in her disability application or at the hearing. (Id. at 341, 357, 665-71.) Additionally, the Court is unable to find any opinion of a physician, treating or consultative, indicating that Plaintiff suffered functional limitations from a knee or carpel tunnel

---

[7] To the extent that the issues on remand change the ALJ's finding as to Plaintiff's disability status during the relevant time period, the ALJ would be required to obtain the testimony of a medical expert to determine the onset date, if one cannot be ascertained.

impairment. Accordingly, any error by the ALJ to specifically consider these findings was harmless. Curry, 925 F.2d at 1131. Thus, remand is not required.

### E. The ALJ's Residual Functional Capacity Determination is Not Supported by Substantial Evidence.

Plaintiff contends that the ALJ's RFC assessment was not supported by substantial evidence. (JS at 39-41.) The Court agrees.

#### 1. Applicable Law.

In determining a plaintiff's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted). Careful consideration should be given to any evidence about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone. Id.

#### 2. Analysis.

Here, the ALJ assessed Plaintiff's RFC as follows:

> [T]he claimant had the residual functional capacity to perform a narrowed range of light work. Specifically, the Claimant was able to lift and or carry 20 pounds occasionally and 10 pounds frequently. She was able to stand/walk four hours and sit six hours out of a given eight-hour work period, provided she is given the opportunity to change position ever 60 minutes, the change itself to last a maximum of three minutes. The claimant is limited to pushing or pulling on a frequent basis on the left. She is able to do occasional climbing of ramps and stairs, but no climbing of ladder, ropes or scaffolds. She is able to do less than occasional balancing and crouching, and no more

> than occasional bending or stooping.  The claimant is precluded from kneeling or crawling activities and bilateral reaching overhead.  She is able to frequently reach in all directions with the left upper extremity (LUE), and frequently handle with the LUE.  She is unable to perform extreme range of motion of the head and neck in any direction, and she should avoid twisting, repetitive rotation, and lateral bending of the neck.  She is able to frequently move her head and neck 50% of the extreme range of motion of the head and neck in any direction.  She is able to keep her head and neck in a fixed position of 30 minutes at time.

(AR at 29.)  At no point in the decision did the ALJ indicate that he considered all the evidence, including statements and findings of the treating and examining physicians, consultative physicians, and other medical consultants.  The ALJ also failed to analyze the various medical opinions in the lengthy record.  Moreover, the ALJ's RFC finding, even if supported by substantial evidence, is inherently inconsistent.  The ALJ failed to explain how Plaintiff was precluded from "bilateral reaching overhead," but was able to "frequently reach in all directions with her left upper extremity."[8]  Accordingly, the Court finds that the ALJ committed legal error as the RFC assessment is unsupported by substantial evidence.  The ALJ should consider the entire medical record, including statements and findings of the treating and examining physicians, consultative physicians, and other medical consultants to properly assess Plaintiff's RFC.  On remand, the ALJ will have an opportunity to address these issues again and should consider these

---

[8] To the extent the ALJ meant that Plaintiff could reach overhead individually, the ALJ should clarify this distinction in the RFC finding.

issues in determining the merits of Plaintiff's case.[9]

## F. This Case Should Be Remanded for Further Administrative Proceedings.

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits. Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed herein.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[9] Plaintiff also argues that the ALJ improperly provided a clarification to the vocational expert ("VE") as to the meaning of prolonged. (JS at 40.) Plaintiff fails to cite to any authority that the ALJ erred by providing the VE with an example of prolonged period of time. The Court also notes that staying in a fixed position for sixty minutes is certainly a prolonged period of time. (AR at 679.) Moreover, Plaintiff's attorney failed to object to this definition of prolonged period of time at the hearing. Thus, the Court does not find that the ALJ erred in providing an example of prolonged period of time to the VE.

18

## IV.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: November 24, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge